IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>[1] ANIBAL PAGAN-ROMERO,<br><br>Defendant. | CRIM. NO.: 14-333(GAG/SCC) |

**MEMORANDUM AND ORDER**

    The indictment charging Defendant Anibal Pagan-Romero includes a forfeiture allegation targeting the proceeds of the conspiracy with which Pagan is charged. *See* Docket No. 3, at 13. The indictment further charges that if those funds have been made unavailable for forfeiture, the Government will seek the forfeiture of certain substitute assets, namely various pieces of real property and a bank account. *See id.* at 13–17. With this in mind, the Government now seeks a protective order that would allow the United States Marshal Service to take custody

| UNITED STATES v. PAGAN-ROMERO | Page 2 |
|---|---:|

of that bank account so that it cannot be diminished during the pendency of this case. *See* Docket No. 70. Pagan has opposed the Government's motion, *see* Docket No. 76, and has further moved to vacate cautionary notices entered against other real properties named by the Government as substitute forfeiture assets, *see* Docket No. 77.

Forfeiture in this case is governed by 18 U.S.C. § 982, which imports the criminal forfeiture mechanism of 18 U.S.C. § 853. The statute deems forfeitable property involved in or traceable to funds derived from the crimes for which Pagan is charged. *See* 18 U.S.C. § 982(a). Section 853(e) explicitly authorizes injunctions or protective orders to preserve the availability of directly forfeitable assets. 18 U.S.C. § 853(e). But while the statute authorizes the forfeiture of substitute property after a showing that "any act or omission of the defendant" has rendered the directly forfeitable property unavailable or beyond the court's jurisdiction, 18 U.S.C. § 853(p), it *does not* authorize the pre-conviction encumbering of that property through an injunction or other means. Reasonably, then, courts interpreting this and similar statutory schemes have tended to hold that protective orders may not be issued against substitute assets. *See, e.g.*, *United States v. Jarvis*, 499 F.3d 1196, 1204

(10th Cir. 2007) (noting that "all but one federal court of appeals to address the issue has determined the legislative silence regarding substitute property in § 853(e) precludes pre-conviction restraint of substitute property").[1]

The one exception, on which the Government relies, is the Fourth Circuit, which has held that under the RICO Act's similar statute, substitute assets *could* be restrained pre-conviction. *See United States v. McKinney* (*In re Assets of Billman*), 915 F.2d 916, 921 (4th Cir. 1990). To reach this result, the Fourth Circuit relied principally on the remedial purpose of the

---

**1.** *Jarvis* identified cases from the Second, Third, Fifth, Eighth, and Ninth Circuits that had adopted similar rules, while only the Fourth Circuit had adopted the position advanced by the Government here. *United States v. Jarvis*, 499 F.3d 1196, 1204 n.8 (citing cases). Subsequently, the Sixth Circuit has also followed the *Jarvis* rule. *See United States v. Parrett*, 530 F.3d 422, 430–31 (6th Cir. 2008) ("Although [§ 853] allows the federal government to take any action necessary to 'preserve the availability' of tainted property, . . . the statute does not grant similar powers to the federal government with regard to substitute property."). And even the Fourth Circuit has acknowledged that the *Assets of Billman* approach, which we discuss below, has been rejected by the other courts of appeals and may be incorrect. *See United States v. Bromwell*, 222 F. App'x 307, 311 n.2 (4th Cir. 2007) (following *Assets of Billman* as a matter of circuit precedent, but acknowledging that it had been disapproved by other circuits and explaining that it was the first court of appeals decision to discuss this question).

| UNITED STATES v. PAGAN-ROMERO | Page 4 |
|---|---:|

forfeiture statute,[2] which required a liberal reading of its provisions. *See id.* We also must give § 853 a liberal reading, *see* 18 U.S.C. § 853(o), but in doing so we cannot violate fundamental principals of statutory construction. Section 853 explicitly authorizes pre-conviction restraint of directly-forfeitable assets, but it does not so authorize the restraint of substitute assets. We agree with *Jarvis* that this fact alone settles the matter: had Congress intended to permit the restraint of substitute assets, it would have said so; that it did not, while explicitly authorizing restraint as to other assets, is extremely strong evidence of its intent. Even a "liberal" reading of the statute cannot reasonably overcome the presumption created by the statute's own language.

Accordingly, we DENY the Government's motion, Docket No. 70, and GRANT Pagan's, Docket No. 77. No protective

---

**2.** Importantly, the Fourth Circuit also found that the Government had shown that the primary assets had been placed beyond the Court's jurisdiction, thus satisfying one of the prerequisites to forfeiture of the substitute assets. *See In re Assets of Billman*, 915 F.2d 916, 921 (4th Cir. 1990) (holding that "when, as here, the defendant has placed [the primary assets] beyond the jurisdiction of the court," pre-conviction restraint of substitute assets is permissible); *see also United States v. Najjar*, 57 F. Supp. 2d 205, 208–09 (D. Md. 1999) (noting this distinction). The Government has made no similar showing in this case.

| UNITED STATES v. PAGAN-ROMERO | Page 5 |
|---|---:|

order shall issue as to the bank account, and the cautionary notices entered at Docket Nos. 44 through 47 shall be vacated.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 2nd day of June, 2014.

<u>S/ SILVIA CARREÑO-COLL</u>
UNITED STATES MAGISTRATE JUDGE