IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>[1] ANIBAL PAGAN-ROMERO,<br><br>Defendant. | CRIM. NO.: 14-333(GAG/SCC) |

**ORDER**

In a previous memorandum and order, we denied the Government's request for a protective order targeting a bank account that the Government named as a substitute forfeiture asset. Docket No. 183. We concluded that substitute assets may not be restrained until after both a conviction of the defendant *and* a finding that the primary forfeiture assets were unavailable. *See id.* at 2–3 (citing *United States v. Jarvis*, 499 F.3d 1196, 1204 (10th Cir. 2007)). For the same reason, we granted Defendant Anibal Pagan-Romero's request to vacate caution-

UNITED STATES v. PAGAN-ROMERO                                    Page 2

ary notices that had been entered against real properties constituting other substitute forfeiture assets. *Id.* at 4–5.

The Government now asks for reconsideration of that Order. *See* Docket No. 220. It does so, in part, based on a rehashing of the arguments it presented in its original motion: that the remedial purposes of the forfeiture statute suffice to permit pre-conviction encumbrance of substitute assets. *See id.* at 3 (citing *In re Assets of Billman*, 915 F.2d 916 (4th Cir. 1990)). The Government's arguments based on *Billman* are rejected for the same reasons that they were previously: the weight of the court of appeals precedent has rejected *Billman*, the holding of which cannot be harmonized with the statute's text. *See* Docket No. 183, at 3 n.1 (explaining that at least six courts of appeals have rejected the *Billman* rule, while none have followed it).

The Government's other argument is that a cautionary notice is analogous to a *lis pendens*, which other courts have found is not an encumbrance on property. *See* Docket No. 220, at 2–3. We reject the Government's arguments for two reasons. First, none of the cases cited by the Government actually decide that *lis pendens* notices may be filed with regard to

UNITED STATES v. PAGAN-ROMERO                                                    Page 3

substitute assets.[1] Second, and more crucially, the Government fails to even argue that the cautionary notices that it requests are permissible under Puerto Rico law. Having looked into the matter, we now conclude that they are not. Pursuant to the cautionary notice statute, a notice may be requested by a person "who, in a lawsuit, claims ownership" of or other rights to a piece of real property. P.R. LAWS ANN. tit. 30, § 2401, ¶ 1.[2] But the United States does not claim ownership of substitute assets in the same way as it does primary forfeiture assets. Instead, its claim of ownership exists only after conviction and a determination that the primary assets are unavailable. *See Jarvis*, 499 F.3d at 1204 (holding that the forfeiture statute "does not explicitly authorize the United States to claim any pre-

---

1. *Diaz v. Paterson*, 547 F.3d 88 (2d Cir. 2008), is not a case about criminal forfeiture. *United States v. Register*, 182 F.3d 820, concerns *lis pendens* notices against *primary* forfeiture assets, 182 F.3d 820, 835 (11th Cir. 1999), ownership of which "vests in the United States upon the commission of the [criminal] act giving rise to forfeiture," 18 U.S.C. § 853(c). Finally, in *United States v. Thomas*, the Third Circuit concluded in an unpublished decision that the defendant had waived his challenge to the filing of a *lis pendens* notice against a substitute forfeiture asset. 440 F. App'x 148, 151–52 (3d Cir. 2011) (unpublished).

2. The statute permits certain other persons to request cautionary notices, but those provisions are not relevant here.

UNITED STATES v. PAGAN-ROMERO                                Page 4

conviction right, title, or interest" in substitute forfeiture assets, and as such, the Government's pre-conviction interest is "only a potential and speculative future interest"). As such, and regardless of whether a cautionary notice is a restraint on property, no cautionary notice may legally be filed, and the motion for reconsideration is DENIED.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 17th day of June, 2014.

        S/ SILVIA CARREÑO-COLL
        UNITED STATES MAGISTRATE JUDGE